United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRIS CHADD,
    Plaintiff,

v.

TRANS BAY CABLE, LLC,
    Defendant.

Case No. 19-cv-03414-PJH

**ORDER REMANDING ACTION**

Re: Dkt. No. 15

Plaintiff Christopher Chadd's motion to remand came on for hearing before this court on September 4, 2019. Plaintiff appeared through his counsel, Lora Vail French. Defendant Trans Bay Cable, LLC appeared through its counsel, Todd Boyer. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand for the reasons stated at the hearing and summarized below. The court also DENIES plaintiff's request for fees as well as his request for judicial notice.

**BACKGROUND**

Plaintiff initiated this action in the San Francisco County Superior Court on January 16, 2019. Dkt. 1. He subsequently filed his now-operative First Amended Complaint (the "FAC") on February 9, 2019. Id. The FAC asserts seven state law claims premised upon employment related events. Id., FAC ¶¶ 22-64. On June 14, 2019, defendant removed this action, citing federal enclave jurisdiction. Dkt. 1. Plaintiff then moved to remand. Dkt. 15.

**DISCUSSION**

**A.	The Motion for Remand**

        **a.	Defendant Timely Removed This Action to Federal Court**

Title 28 U.S.C. § 1446 requires that a removing defendant file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b). This deadline is mandatory and a timely objection by the non-removing party will defeat removal. Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9th Cir. 1980) (per curiam). Plaintiff argues that defendant failed to timely remove this action to federal court. Plaintiff premises his argument on an April 9, 2019 service date. The parties offer two competing versions on when such service occurred.

In support of his position, plaintiff claims that defendant was personally served on April 9, 2019 with a summons and copy of the FAC at its headquarters located at One Letterman Drive, C5-100, San Francisco, California. Dkt. 17 ¶¶ 4-5. Plaintiff contends that such service was completed by an independent third-party process server, citing his proof of service. Id. ¶ 3. Plaintiff's proof details that a copy of the summons and FAC were left with an individual "Apparently in Charge." Dkt. 17-1. Plaintiff also claims that defendant was subsequently mailed the same documents. Dkt. 17 ¶ 4. Plaintiff does not claim any further attempt of service.

Defendant responds that it never received plaintiff's service on April 9, 2019. In support, defendant relies upon the declaration of its agent for service of process, Lenneal Gardner, who testifies that he did not receive the summons until he received a mailed letter from plaintiff's counsel on May 23, 2019 indicating that plaintiff was moving for default. Dkt. 21-3 ¶ 6. Gardner further testifies that he learned that the process server left an envelope with a security guard employed at the front desk of defendant's Presidio address. Id. ¶ 7. At oral argument, defendant's counsel notably observed that defendant responded to this action immediately after it claimed to learn the action existed.

The court adopts defendant's version of the applicable date of its notice of this

1    action.  Significantly, the court finds that plaintiff's evidence does not overcome the
2    inference drawn from defendant's conduct responding to this action.  Stated differently,
3    the court finds no plausible explanation for why defendants would ignore a purported
4    April 9, 2019 service to then be forced to contest a motion for entry of default judgment or
5    risk an objection by plaintiff that defendant's notice of removal was untimely.

6    Moreover, the court rejects that plaintiff's single attempt at personal service by
7    leaving the service papers with a security guard "Apparently in Charge" at the Presidio
8    office satisfies the diligence necessary to permit substituted service under California
9    Code of Civil Procedure Section 415.20(a).  Mech. Mtkg., Inc. v. Sixxon Precision Mach.
10   Co., No. 5:CV 11-01844 EJD, 2011 WL 4635546, at *5 (N.D. Cal. Oct. 6, 2011) (a "single
11   attempt at personal service, without any further efforts, falls short of the 'reasonable
12   diligence' required for substituted service under Section 415.20.").  As a result, the court
13   finds that service did not occur on April 9, 2019.  Because defendant removed this action
14   less than 30 days from the time it became aware of such action's existence through
15   plaintiff's notice of motion for default judgment, the court finds such removal timely.

### b. Defendant Failed to Show Federal Enclave Jurisdiction Applies

17   A federal district court must remand a removed action if it appears at any time
18   before final judgment that the federal court lacks subject matter jurisdiction.  28 U.S.C. §
19   1447(c).  As a general matter, any civil action brought in state court that a federal district
20   court has original jurisdiction over may be removed.  28 U.S.C. § 1441(a).  A federal
21   district court has original jurisdiction over "all civil actions arising under the Constitution,
22   laws, or treaties of the United States."  28 U.S.C. § 1331.  An action arises under federal
23   law "if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief
24   necessarily depends on the resolution of a substantial question of federal law."  Sword to
25   Plowshares v. Kemp, 423 F.Supp.2d 1031, 1033 (N.D. Cal 2005).

26   "Federal courts have federal question jurisdiction over tort claims that arise on
27   'federal enclaves.'"  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir.
28   2006) (citations omitted).  The Presidio of San Francisco qualifies as a federal enclave.

3

Kemp, 423 F.Supp. 2d at 1036. To determine whether a tort occurred on a federal enclave, courts examine the "'precise location of events giving rise to the claim for relief.'" Kerr v. Delaware N. Companies, Inc., No. 1:16-CV-01797-LJO-SAB, 2017 WL 880409, at *3 (E.D. Cal. Mar. 6, 2017) (citation omitted). This examination extends to determining whether the alleged injury occurred on a federal enclave. Holliday v. Extex, No. CIV. 05-00194SPKLEK, 2005 WL 2158488, at *4 (D. Haw. July 6, 2005), report and recommendation adopted, No. CIV. 05-00299SPK/LEK, 2005 WL 2179392 (D. Haw. Aug. 24, 2005) (finding persuasive that "the key factor in determining whether federal enclave jurisdiction exists is the location of the plaintiff's injury.").

A party seeking removal bears the burden of establishing federal court jurisdiction, Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004), and doubts as to removability are resolved in favor of remanding the case to state court, Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). When responding to a motion to remand, a defendant bears the burden of proving federal court jurisdiction by a preponderance of the evidence. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014). Either party may submit evidence outside the complaint in support or opposition to a motion to remand. See Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, defendant has failed to meet its burden of showing that plaintiff's claims arose on a federal enclave. Except as noted immediately below, defendant proffered no evidence showing that the specific conduct complained of by plaintiff materially occurred at its Presidio office. Instead, the only evidence on this point, proffered by plaintiff and uncontradicted by defendant, shows the exact opposite: most, if not all, allegedly wrongful interactions between plaintiff and the alleged perpetrator (Ismail Al-Jihad) occurred at plaintiff's ordinary work location, defendant's Pittsburgh office. Dkt. 16 ¶¶ 4-7. Defendant itself concedes that plaintiff "generally worked in the Pittsburgh, California office," Dkt. 21-4 ¶ 7, and Plaintiff's declaration also shows that defendant advised him of his employment termination at its Pittsburgh office, Dkt. 16 ¶ 11.

4

While defendant does testify that its decision to terminate plaintiff's employment was made at its Presidio office, Dkt. 21-4 ¶ 9, such tangential connection is insufficient to trigger the application of the federal enclave doctrine when the termination at issue actually occurred at plaintiff's employment location. See Coleman, 2019 WL 3817822, at *3 ("As courts in this circuit have recognized, however, the plaintiff's place of employment—rather than where employment decisions were made—[i]s the significant factor in determining whether plaintiff's employment claims arose under the federal enclave doctrine."). The court further finds that the occasional appearance of plaintiff and Al-Jihad at defendant's Presidio office, Dkt. 21-4 ¶ 7, as well as the fact that plaintiff's employee complaint was "lodged" and "processed" at that office, Id. ¶ 8, similarly fail to show the connection necessary between that location and the events giving rise to plaintiff's claims. Indeed, when asked at oral argument, defendant's counsel could not specify how frequently plaintiff actually worked from the Presidio location.

Although defendant is correct that plaintiff's complaint itself includes allegations supporting a finding that plaintiff's injury and employment took place at defendant's Presidio office, FAC ¶¶ 4-5, defendant offered no legal justification for the court to disregard the weight of evidence showing that the events giving rise to the claim occurred in Pittsburgh and instead adopt the vague allegations of plaintiff's unverified complaint. The court finds that such an adoption would be inappropriate, particularly given plaintiff's counsel's representation, by both declaration and at oral argument, that such allegations were the results of her co-counsel's mistaken belief. Dkt. 22-1 ¶ 3. In short, because the weight of evidence shows that the events giving rise to plaintiff's claims primarily occurred outside defendant's Presidio office, defendant failed to meet its burden to show the applicability of federal enclave jurisdiction. Absent such showing, this court lacks subject matter jurisdiction of this action. As a result, removal was improper.

**B.    Plaintiff's Requests for Fees and Costs**

Plaintiff seeks fees and costs incurred from litigating his motion to remand. Dkt. 15. "Absent unusual circumstances, courts may award attorneys' fees under [28 U.S.C.

Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 131 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court does not find that defendant lacked an objectively reasonable basis for removal. As a result, plaintiff's request for fees and costs is denied.

## C.  Plaintiff's Request for Judicial Notice

Plaintiff's request for judicial notice calls for recognition of various documents that are either already part of the present action or that need not be considered to resolve his motion to remand. As a result, the court denies this request as well.

## CONCLUSION

The court GRANTS plaintiff's motion to remand and REMANDS the action to the San Francisco County Superior Court. The court DENIES both plaintiff's request for fees and costs as well as his request for judicial notice.

**IT IS SO ORDERED.**

Dated: September 27, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge